The Honorable Vince Wetta State Representative, 80th District 1204 N. Poplar Wellington, Kansas 67152
Dear Representative Wetta:
You inquire whether members of the Lottery Gaming Facility Review Board serve at the pleasure of the appointing authorities and may be removed by the latter.
K.S.A. 2008 Supp. 74-8735 creates the lottery gaming facility review board (Board). The Board is tasked with determining which lottery gaming facility management contract best maximizes revenue, encourages tourism and otherwise serves the interests of the people of Kansas.[1] In making this determination, the Board conducts public hearings, takes testimony, solicits the advice of experts, and investigates the merits of each contract submitted for the four gaming zones.[2]
The Board is comprised of seven members who have met the statutory eligibility requirements.[3] Three members are appointed by the Governor; two by the Senate president; and two by the Speaker of the House of Representatives.[4] Not more than four members can be members of the same political party.[5]
The Kansas Constitution authorizes the legislature to designate the tenure of public offices not otherwise provided for by the constitution.[6] If the statute is silent on tenure, the Constitution provides that "such office shall be held during the pleasure of the authority making [the] appointment."[7]
The Kansas Expanded Lottery Act (KELA) does not prescribe a term of office for Board members. Accordingly, the members serve at the pleasure of the appointing authority and may be removed by the appointing authority.[8]
This conclusion is supported by a prior Attorney General opinion[9]
wherein former Attorney General Robert T. Stephan considered whether the executive director of the Racing Commission[10] could be removed by the latter and replaced with another individual. Like KELA, the statutes governing appointment of the executive director provided no tenure and specifically provided that the director serve at the pleasure of the commission.[11]
General Stephan concluded that when an office is held at the pleasure of an appointing authority, no property right attaches to the position and, thus, the incumbent may be removed at the pleasure of the appointing authority.[12]
The law has not changed since General Stephan's 1990 opinion.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] K.S.A. 2008 Supp. 74-8736(b).
[2] Id. K.S.A. 2008 Supp. 74-8734(a); 74-8702(f).
[3] K.S.A. 2008 Supp. 74-8735(b)(c).
[4] K.S.A. 2008 Supp. 74-8735(a).
[5] K.S.A. 2008 Supp. 74-8735(d).
[6] Kan. Const., Art. 15, ***sect; ******sect; *** 1, 2.
[7] Kan. Const., Art. 15, ***sect; *** 2.
[8] An incumbent to a public office enjoys no property or vested interest in the office. Leek v. Theis, 217 Kan. 784, 811 (1975);Riddle v. City of Ottawa, 12 Kan.App.2d 714, 717 (1988), citingStoldt v. City of Toronto, 234 Kan. 957, 964 (1984).
[9] Attorney General Opinion No. 90-80.
[10] Now the Kansas Racing Gaming Commission. K.S.A. 74-8803a.
[11] In 1995, the law removed the power to appoint from the Racing Commission and placed it with the Governor. L. 1995, Ch. 255, ***sect; *** 9.
[12] Note 8. The only caveat to removal is a potential procedural due process claim for violation of the incumbent's liberty interest if the appointing authority publishes false statements impugning the incumbent's reputation. Crowley v. City of Burlingame,352 F.Supp.2d 1176,1186 (D. Kansas 2005). See also Leek v. Theis, 217 Kan. 784, 812
(1975).